**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| Kenneth C. Frazier, | Case No. 24-CV-1133 (PJS/JFD) |
| Plaintiff, | |
| v. | **REPORT & RECOMMENDATION** |
| Hy-Vee, Inc. | |
| Defendant. | |

---

This matter is before the Court on Defendant Hy-Vee, Inc.'s ("Hy-Vee") Motion to Dismiss. (Dkt. No. 16.) The Motion was referred to the undersigned United States Magistrate Judge by Chief District Judge Patrick J. Schiltz for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(A)–(C). (Order of Reference, Dkt. No. 11.) The Court held a hearing on the motion on November 18, 2024, at which Plaintiff Kenneth C. Frazier appeared *pro se* and Anthony Gabor, Esq., appeared for Defendant Hy-Vee. (Hr'g. Mins., Dkt. No. 30.) Hy-Vee moves to dismiss Mr. Frazier's claim on *res judicata* grounds under Fed. R. Civ. P. 12(b)(6). Because the issues Mr. Frazier raises could have and should have been raised in previous proceedings, the Court agrees with Hy-Vee that Mr. Frazier's claims should be dismissed in their entirety and recommends that Hy-Vee's Motion to Dismiss be granted.

## BACKGROUND

Mr. Frazier originally sued Hy-Vee for alleged employment discrimination based on his race and age in November of 2019. Shortly thereafter, he was fired by Hy-Vee and

filed a Second Amended Complaint that alleged 6 causes of action: 1) that Hy-Vee failed to promote Mr. Frazier because of his race and age under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq.; 2) that Hy-Vee failed to promote Mr. Frazier based on his age under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et. seq.; 3) that Hy-Vee violated the Equal Pay Act, 29 U.S.C. §§ 206–207; 4) that Hy-Vee's employment actions against him violated 42 U.S.C. § 1981; 5) that Hy-Vee's employment actions against him violated the Minnesota Human Rights Act, Minn. Stat. § 363A.01 et. seq.; and 6) that Hy-Vee's actions constituted illegal reprisal under Minn. Stat. § 363A.15. *Kenneth Frazier v. Hy-Vee, Inc.*, No. 0:19-cv-02851 (KMM/DTS), Dkt. No. 1, 9–14 ("*Frazier I* Complaint").

In Mr. Frazier's previous case, Judge Katherine Menendez granted Hy-Vee's Motion for Summary Judgment on Counts 2, 4, and 5. *Frazier v. Hy-Vee, Inc.*, No. 19-CV-02851 (KMM/DTS), 2022 WL 4017457, at *7 (D. Minn. Sept. 2, 2022) ("*Frazier I* Summary Judgment Order"). Magistrate Judge David Schultz presided over a jury trial on Mr. Frazier's remaining claims (his failure to promote claims, Counts, 1, 3, and 6) in May of 2023. The jury returned a verdict for Hy-Vee on all counts. *Kenneth Frazier v. Hy-Vee, Inc.*, No. 0:19-cv-02851 (KMM/DTS), Dkt. No. 85 ("*Frazier I* Verdict"). Mr. Frazier did not file any post-trial motions or appeal the judgment against him to the Eighth Circuit. (Def.'s Mot. to Dismiss 3, Dkt. No. 18.)

Nearly a year after the verdict, on April 3, 2024, Mr. Frazier filed the complaint in this case, alleging that Hy-Vee violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et. seq., and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§

621 et. seq., by illegally firing him, failing to promote him, and retaliating against him based on his race, color, and age. (Compl. 3–4, Dkt. No. 1.) His Complaint in this case has six substantive paragraphs. In it, he alleges: 1) that Hy-Vee "manufacture'd [sic] evidence" at trial in his previous case (Compl. ¶¶ 10, 13, Dkt. No. 1); 2) that John Hamilton and Josh Suing, Hy-Vee employees who testified at trial in the previous case, committed perjury in their testimony and defamed Mr. Frazier's character (*Id*. at ¶¶ 11–12); 3) that he was wrongfully terminated for alleged theft (*Id*. at ¶14); and 4) that he was paid significantly less than another, similarly-situated employee. (*Id*. at ¶15.) Mr. Frazier does not assert that this other employee is of a different race than Mr. Frazier. The Amended Complaint here asserts that all the alleged discrimination occurred between May 2 and May 5, 2023—the dates of the jury trial in the previous case. (*Id*. at ¶5.).

## DISCUSSION

Hy-Vee moves for dismissal of Mr. Frazier's Complaint under Fed. R. Civ. P. 12(b)(6), stating that Mr. Frazier has failed to state a claim upon which relief may be granted.

### I.    Legal Standards

To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level" *Twombly*, 550 U.S. at 555. Plaintiffs, moreover, must set forth sufficient factual allegations to "nudge[] their claims

across the line from conceivable to plausible," or else "their complaint must be dismissed." *Twombly*, 550 U.S. at 569–70.

"A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6)." *Martin v. Benson*, 827 F. Supp. 2d 1022, 1025 (D. Minn. 2011). "Ultimately, evaluation of a complaint upon a motion to dismiss is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Braden v. Walmart Stores, Inc.*, 588 F.3d 585, at 594.

"*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Martin*, 827 F. Supp. 2d at 1025. But "even a *pro se* complaint must allege facts, and not just bare, unsupported, legal conclusions." *Id.*

"[R]es judicata, or claim preclusion, bars the relitigation of issues which were actually litigated or which *could* have been litigated in the first suit." *Lovell v. Mixon*, 719 F.2d 1373, 1376 (8th Cir. 1983). Res judicata bars a claim when "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action." *Magee v. Hamline Univ.*, 1 F. Supp. 3d 967, 974 (D. Minn. 2014), *aff'd in part*, 775 F.3d 1057 (8th Cir. 2015).

## II.    <u>Analysis</u>

Mr. Frazier's claims in this case can be collected into two categories: misconduct by Hy-Vee or its agents at trial and substantive allegations regarding his employment at Hy-Vee, both of which the Court is barred from addressing in this new action.

### A.  Alleged Trial Misconduct

First, Mr. Frazier claims that various forms of misconduct at trial improperly influenced the jury. Included in this category are claims of "manufactured evidence" and witness perjury. (Compl. ¶¶ 10–13, Dkt. No. 1.) Mr. Frazier adduces no evidence in support of these claims, and it is too late to come forward with evidence now. At trial in the previous case, Mr. Frazier had the opportunity to call witnesses, cross-examine Hy-Vee's witnesses, introduce exhibits, and argue his case to the jury. The jury found Hy-Vee's evidence and arguments persuasive and delivered a verdict in its favor. Mr. Frazier did not make post-verdict motions and did not appeal.  These claims cannot be addressed in a new action and should have been raised in post-trial motions in the previous case, such as a Motion for Judgment as a Matter of Law under Federal Rule of Civil Procedure 50 or a Motion for a New Trial or an Altered or Amended Judgment under Rule 59. Relief may also have been sought by appealing from the previous case. Because Mr. Frazier chose not to make post-trial motions or appeal the judgment in his first case, and the time limits for such motions or for an appeal have long since expired, relief for Mr. Frazier's misgivings regarding what occurred in that trial is now unavailable.

This Court is also unable to provide any relief to Mr. Frazier on Mr. Frazier's perjury allegations because he does not have standing to bring those charges. Perjury is a criminal

charge. *See* 18 U.S.C. § 1621. It must be brought by government prosecutors, not by private citizens. *Kunzer v. Magill*, 667 F. Supp. 2d 1058, 1061 (D. Minn. 2009) ("Private citizens have no constitutional or other right to a criminal investigation, nor any judicially-cognizable interest in the prosecution or non-prosecution of another") (citing *Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973)). "It is well established that a private citizen may not commence a federal criminal prosecution by filing a civil complaint." *Sharma v. Crosscode, Inc.*, No. 21-CV-01766 (SRN/BRT), 2022 WL 816555, at *14 (D. Minn. Mar. 17, 2022) (citing *Starway v. Zalasky*, No. 01-cv-1929 (RHK/JMM), 2002 WL 371954, at *2, 2002 (D. Minn. Mar. 7, 2002)).

### B. Substantive Claims

The second category of claims in Mr. Frazier's complaint are substantive claims regarding Mr. Frazier's experience as an employee of Hy-Vee. (Compl. ¶¶ 14–16, Dkt. No. 1.) The two substantive allegations are that 1) Mr. Frazier was fired for allegedly stealing crab legs from the Hy-Vee store where he was working as "Meat Specialist & acting Seafood Manager," and that his termination was the result of racial discrimination by Hy-Vee (Compl. ¶14, Dkt. No. 1); and 2) that he was paid substantially less per hour than a similarly-situated employee (who may have been of a different race from Mr. Frazier, but again, Mr. Frazier does not say one way or another). (Compl. ¶15, Dkt. No. 1.) He closes his Complaint with a question: "Is this a pattern of Discrimination by Hy-Vee?" (Compl. ¶16, Dkt. No. 1.) It is unclear whether these claims are offered in support of his claims of manufactured evidence and perjury or as separate claims of employment discrimination, but they are not actionable however they are categorized.  If offered in support of his other

claims, these allegations are moot because the Court cannot grant Mr. Frazier relief on those claims, as discussed above.

If the allegations are offered as separate claims of employment discrimination, they are barred under the doctrine of *res judicata* because they either were or should have been raised in the previous case. All four elements of *res judicata* are satisfied here: (1) The first suit resulted in a judgment on the merits, specifically, a jury's verdict, rendered after days of testimony and argument on Mr. Frazier's discrimination claims. (2) There are no allegations of any deficiency in jurisdiction, nor could there be. Federal subject-matter jurisdiction existed because Mr. Frazier brought his claims under federal anti-discrimination statutes and supplemental jurisdiction applied to Mr. Frazier's claims under the Minnesota Human Rights Act. Personal jurisdiction is also satisfied because Hy-Vee is amenable to service of process in Minnesota.  (3) The parties in this case are the very same as the parties at the jury trial. (4) There is no colorable argument that Mr. Frazier is making any allegations now that either have not already been made at trial or that were not made at trial only because they could not have been. For the sake of thoroughness, however, the Court now considers both of Mr. Frazier's allegations in turn. *Magee v. Hamline Univ.*, 1 F. Supp. 3d 967, 974 (D. Minn. 2014), *aff'd in part*, 775 F.3d 1057 (8th Cir. 2015).

### i.   The Crab Leg Incident

The first substantive claim Mr. Frazier makes in his present complaint relates to his role in alleged crab leg thievery, which led to his termination. This incident was alleged in his original case with more specificity than in his Complaint in this case. His allegation in the original case stated:

In Hy-Vee's Termination Report it is stated that on January 8, 2020, Frazier was helping an employee customer with her seafood purchase. Frazier filled a plastic bag with crab legs, weighed the bag and printed the sales ticket and added more crab legs but did not re-weigh the plastic bag and print a new sales ticket. Frazier did not agree with the reason for termination and asked to address his accuser.

…

At his unemployment proceedings, Frazier stated that, that afternoon, the Sea Food Manager, Shawn Dowls left and there was no one covering at Sea Food. Employee Rhya Moore came looking for Shawn Dowls, stating that he was supposed to have some buy one get one crab knuckles for her. Frazier as the now acting Sea Food Manager looked and did not find any crab knuckles. Ryha Moore decided to buy crab legs instead and Frazier offered those on the buy one get one get one deal using his manager special discretion which he has used numerous times before.

(*Frazier I* Amended Complaint ¶¶27, 29, Dkt. No. 10.) The Complaint in this case states:

On Jan 8 2020 [sic] while working as Meat Specialist & acting Seafood Manager. [sic] I assisted a customer (Ms. Rhya Moore-Hy-Vee employee). Shaun Dowls-Seafood Manager had told Ms. Moore about some buy one get one free crab knuckle's [sic], I could not find the knuckle's [sic] We were told to try to accomedate [sic] the customer, no Knuckle's [sic] so I offered her bogo King crab leggs [sic], I bagged one priced it then put one more in the bag, buy one get one. [sic] I gave nothing away. I guess another employee seen [sic] the transaction between 2 black employees, without asking or investigating, we were lable'd [sic] as thieves and terminated the next day, Hy-Vee discipline policy was overlooked, excessive discipline was used. At the 2 unemployment hearings, the Law Judge concluded that I stole nothing & was terminated for other than employee mis-conduct. [sic] Discrimination. Hy-Vee new [sic] this but still for court labeled me a thief. Defamations of Character, Ms. Moore was terminated also! Hy-Vee informed me that they had revoked my manager authority, but [sic] neglected to tell me. I was in a trap & did not no [sic] it!

(Compl. ¶14, Dkt. No. 1.) The Complaints in the two cases describe the same event, occurring on the same day.

Even though Mr. Frazier did not bring wrongful termination claims in his previous suit, *Frazier I* Summary Judgment Order at *3 n. 5, he alleged these facts, which means

that he could have raised such a claim in the previous action. *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 590 U.S. 405, 412 (2020) ("[C]laim preclusion prevents parties from raising issues that could have been raised and decided in a prior action—*even if they were not actually litigated*." (emphasis added)) "Suits involve the same claim (or 'cause of action') when they 'aris[e] from the same transaction,'" *Id.* (quoting *United States v. Tohono O'odham Nation*, 563 U.S. 307 (2011).) For the purposes of Mr. Frazier's claims, any discrimination allegation regarding action that was taken while Mr. Frazier was an employee at Hy-Vee arose from the same transaction as that which precipitated his first lawsuit and is, therefore, barred by the doctrine of *res judicata*.

### ii.   *Pay Disparity*

The same is true for Mr. Frazier's pay disparity claims in his Complaint's final substantive claim. In that claim, he states:

> John Hamilton testified under oath, [sic] He was making $28.00 per hour. I was making $16.00 per hour as a Meat Specialist. I worked as a Line Cook, Italian Clerk, Sushi Clerk, [and] Meat Specialist[.] I was only given $1.00 per year cost of living wage. Hy-Vee had an evaluation policy, they chose not to Omit [sic] it like R.P.M. … Is this a pattern of Discrimination by Hy-Vee?

(Compl. ¶ 15–16, Dkt. No. 1.) This statement alleges facts regarding Mr. Frazier's employment with Hy-Vee and alleged discrimination by Hy-Vee after Mr. Frazier was terminated but before disposition of the case. Accordingly, this is a claim that could have been investigated in discovery in the previous case and brought in an amended complaint. Mr. Frazier did not file an amended complaint and did not pursue this pay disparity claim as a part of his employment discrimination suit. Like the crab leg incident described above,

this claim could have been brought in the previous case but was not. Therefore, it is also barred by the doctrine of *res judicata*.

## **CONCLUSION**

Mr. Frazier has had his day in court to prove his claims of racial discrimination by Hy-Vee. The jury found his case not proven and delivered a verdict for Hy-Vee. He could have sought relief through post-trial motions, the appellate process, or both, but he availed himself of neither.

## **RECOMMENDATION**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Hy-Vee's Motion to Dismiss (Dkt. No. 16) be **GRANTED**.

2. This action be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.

3. All pending motions in this case be **DENIED** as moot.

Date: January 22, 2025

*s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge